# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Lance Lowell Lewis,<br><br>          Plaintiff,<br>   v.<br><br>Boeing,<br><br>          Defendant. | Case No. No. 2:21-03398-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge, (Dkt. No. 50), recommending that Defendant's motion to dismiss, (Dkt. No. 31), be granted and that Plaintiff's case be dismissed with prejudice. Plaintiff filed objections to the R & R, (Dkt. No. 51), and Defendant filed a reply to Plaintiff's objections, (Dkt. No. 54). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.  Background**

In his Amended Complaint, Plaintiff alleges claims of discrimination, hostile work environment, and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"). (Dkt. No. 29, ¶¶ 67-98). Defendant filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 31). Plaintiff responded in opposition to Defendant's motions to dismiss, (Dkt. No. 40), and Defendant replied, (Dkt. No. 43). Pursuant to provisions of 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued and R & R recommending Defendant's motion to dismiss be granted and Plaintiff's case dismissed with prejudice. (Dkt. No. 50). Plaintiff filed objections to the R & R, (Dkt. No. 51), and Defendant filed a reply to Plaintiff's objections, (Dkt. No. 54). The matter is now ripe for the Court's review.

## II. Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). After its review, the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objection have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In other words, "nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-CV-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). See also *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

Plaintiff's objections here are nonspecific; therefore, the Court reviews the R & R for clear error. (*See* Dkt. No. 51)

### B. Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943,

952 (4th Cir. 1992). Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### III. Discussion

After a thorough review of the R & R, Plaintiff's objections, and the record in this case, the Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint (1) does not give rise to a plausible age discrimination claim under the ADEA, (2) fails to set forth sufficient factual allegations to maintain a viable claim for retaliation under the ADEA, and (3) fails to set forth a viable hostile work environment claim.

The Magistrate Judge correctly found that Plaintiff did not allege that he suffered an "adverse employment action," which is a *prima facie* element of age discrimination. *Ruff v. Target Stores, Inc.*, 226 Fed. App'x 294, 300-01 (4th Cir. 2007) ("[A] plaintiff must establish a prima

facie case of discrimination by showing . . . that (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or she was replaced by a substantially younger individual."). An adverse employment action is one that "'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'" *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (quoting *James v. Booz-Allen & Hamilton, Inc.*, 386 F.3d 371, 375 (4th Cir. 2004). Plaintiff alleges that he was critiqued and asked to follow process. The Court agrees that those allegations do not amount to the kind of adverse action necessary to sustain an age discrimination claim.

The Magistrate Judge correctly found that any retaliation claim based on Plaintiff's suspension and/or termination should be dismissed in light of Plaintiff's concession that any retaliation claims relating to suspension and termination are still pending before the EEOC and are not part of this action. The Magistrate Judge also correctly found that Plaintiff's remaining retaliation claim, based on allegations that Plaintiff's supervisor subjected Plaintiff to "bullying, intimidation, degrading and humiliating behavior, and derogatory commentary," (Dkt. No. 29, ¶¶ 36, 76-87), should be dismissed. The Magistrate Judge correctly noted that Plaintiff's Amended complaint fails to provide a causal link between Plaintiff's complaints against his supervisor and the alleged bullying and intimidation.

The Magistrate Judge correctly found that Plaintiff failed to set forth a viable hostile work environment claim. A workplace is considered hostile "[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 22 (1993). To support this claim, Plaintiff again alleges that he was

critiqued, asked to follow process, and subjected to bullying and intimidation. Plaintiff did not provide specific examples of bullying and intimation in his Amended Complaint. The Court agrees that, without specific examples of bullying and intimidation, Plaintiff's allegations cannot maintain a hostile work environment claim because the allegations fail to show conduct that is so severe or pervasive to alter the conditions of Plaintiff's employment.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R, (Dkt. No. 50), as the Order of the Court. The Court **GRANTS** Defendant's motion to dismiss, (Dkt. No. 31). Plaintiff's claims are **DISMISSED WITH PREJDUICE**.


_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

December 22, 2022
Charleston, South Carolina